IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MWAMBA M. RUFFIN, #B72799,       )
                                  )
            Plaintiff,            )
                                  )
vs.                               )   Case No. 19-cv-00896-SMY
                                  )
L. TROTTER,                       )
HALEY BASNETT,                    )
and NURSE BROOKS,                 )
                                  )
            Defendants.           )

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Mwamba Ruffin, an inmate in the custody of the Illinois Department of Corrections ("IDOC") and incarcerated at Big Muddy River Correctional Center ("Big Muddy"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for the alleged denial of mental health treatment at Lawrence Correctional Center ("Lawrence"). (Doc. 1). Plaintiff asserts an Eighth Amendment deliberate indifference claim (Count 1) and an Illinois medical negligence claim (Count 2) against the defendants.[1] (*Id.*). He seeks monetary relief from them. (*Id.* at p. 7).

This case is before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C.

---

[1] The Court previously screened and severed four other claims from this action, *i.e.*, Counts 3, 4, 5, and 6.

1

§ 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint: Plaintiff has been denied mental health treatment by Defendants Trotter, Basnett, and Brooks since June 2017. (Doc. 1, pp. 3-4, 6, 29-34, 40-43). Plaintiff does not disclose his exact diagnosis but includes documentation with the Complaint that refers to his history of depression and his treatment with two prescription medications commonly used for depression and/or bipolar disorder, Lamictal (*i.e.*, Lamotrigine) and Remeron (*i.e.*, Mirtazapine). (*Id*. at pp. 10, 13, 29-34). He also includes numerous grievances complaining of the ongoing denial of adequate and confidential mental health treatment. (*Id*.).

Based on the allegations in the Complaint and the information contained in the attachments thereto, the Court designates the following Counts in this *pro se* action:

> **Count 1:** Eighth Amendment claim against Defendants Trotter, Basnett, and Brooks for their deliberate indifference to Plaintiff's mental health needs at Lawrence. (Doc. 1, pp. 3-4, 6, 29-34, 40-43).
>
> **Count 2:** Illinois medical negligence claim against Defendants Trotter, Basnett, and Brooks for delaying or denying Plaintiff access to mental health treatment at Lawrence. (Doc. 1, pp. 3-4, 6, 29-34, 40-43).

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

## Discussion

### Count 1

An Eighth Amendment claim based on the denial of medical care or mental health treatment requires an inmate to show that he suffered from an objectively serious medical condition and that each defendant responded to it with deliberate indifference. *Rasho v. Elyea*,

856 F.3d 469, 476 (7th Cir. 2017). Plaintiff's documented history and treatment for depression satisfies the objective standard of this claim for screening purposes. *Meriwether v. Falkner*, 821 F.2d 408, 413 (7th Cir. 1987). The defendants' denial or disregard of his numerous requests for mental health treatment satisfies the subjective component at screening. *Rasho*, 856 F.3d at 476. Count 1 will therefore receive further review against all three defendants.

### Count 2

Plaintiff's medical negligence claim derives from the same facts as his federal constitutional claim and will be allowed to proceed at this stage. 28 U.S.C. § 1367(a). However, to ultimately pursue this claim, before the completion of the summary judgment phase of the case, Plaintiff must file an affidavit stating that "there is a reasonable and meritorious cause" for litigation against the defendants and a physician's report to support the assertions in the affidavit, pursuant to 735 ILCS § 5/2-622. *See Young v. United States*, -- F.3d --, 2019 WL 5691878 (7th Cir. Nov. 4, 2019).

### Pending Motion

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED without prejudice**. Although he has demonstrated reasonable efforts to locate counsel on his own, Plaintiff has also demonstrated an ability to represent himself in this matter. The Complaint is well-drafted and coherent. Although he points to a limited education and drowsiness as impediments to litigation, Plaintiff has shown an ability to prepare and file pleadings and otherwise litigate this matter without representation. Should his situation change, Plaintiff may file a new motion.

### Disposition

**IT IS ORDERED** that **COUNTS 1** and **2** survive screening pursuant to 28 U.S.C. § 1915A and will receive further review against Defendants **TROTTER, BASNETT,** and **BROOKS**.

**Because both claims involve Plaintiff's medical/mental health conditions, the Clerk of Court is DIRECTED to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **TROTTER, BASNETT,** and **BROOKS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

**IT IS ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 11/18/2019**

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**

### Notice

**The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.**