IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MWAMBA M. RUFFIN, #B72799, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-896-SMY |
| | ) |
| HALEY BASNETT, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court are the motions *in limine* filed by Plaintiff Mwamba M. Ruffin (Docs. 92, 96[1]) and Defendant Haley Basnett (Doc. 93).

Motions *in limine* "aid the trial process by enabling the court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Wilson v. Williams,* 182 F.3d 562, 566 (7th Cir. 1999) (citing *Palmieri v. Defaria,* 88 F.3d 136, 141 (2nd Cir. 1996). The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground, "for any purpose." *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994). "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp.1398, 1401 (N.D. Ill. 1993). Often, the better practice is to wait until trial to rule on objections, particularly when admissibility substantially depends upon facts which may be developed there. *Jonasson v. Lutheran Child and Family Services,* 115 F.3d 436, 440 (7th Cir. 1997). With these principles in mind, the Court rules as follows.

---

[1] Plaintiff moved for leave to file a supplemental motion *in limine* (Doc. 96). The motion is **GRANTED**.

**Plaintiff's Motions *in Limine* (Docs. 92, 96-1)**

1. Plaintiff moves to exclude any evidence of or reference to the substance of Plaintiff's convictions for which he is currently incarcerated, including the titles of the offenses for which he was convicted, or any underlying facts of his convictions. The motion is **GRANTED in part**. Evidence that Plaintiff is a convicted felon is relevant to the issue of credibility should he testify. However, substantive details, including the number and nature of the convictions and his criminal history will be excluded pursuant to F.R.E. 403.

2. Plaintiff moves to exclude any evidence of or reference to Plaintiff's convictions, including the fact of his convictions, for which more than 10 years have passed since the convictions or his release from confinement. The motion is **GRANTED without objection**.

3. Plaintiff moves to exclude any evidence of or reference to Plaintiff's Illinois Department of Corrections ("IDOC") disciplinary records, other than records related to Ticket #201904843/1-LAW concerning the December 5, 2018, incident with Defendant, which is directly relevant to Plaintiff's claim. The motion is **GRANTED without objection**.

4. Plaintiff moves to exclude any evidence of or reference to Plaintiff's lawsuits and grievances that are unrelated to this litigation. The motion is **GRANTED without objection**.

5. Plaintiff moves to exclude any evidence of, reference to, or argument related to any "Psychiatric Progress Note," "Psychiatric Diagnostic Evaluation," the fact of any psychiatric visit, or Plaintiff's alleged refusal to be seen by a psychiatrist. The motion is **GRANTED** as to any treatment records or evaluations outside the relevant period of this case, between August 2018 to December 5, 2018.

6. Plaintiff requests that the Court permit Plaintiff to appear at trial in civilian clothes and without handcuffs while in the presence of the jury. The motion is **GRANTED**.

7. Plaintiff moves to exclude any evidence or argument that disputes whether Plaintiff suffered from an objectively serious medical condition. This is a factual issue for the jury's determination. Accordingly, the motion is **DENIED**.

8. Plaintiff moves to exclude any evidence of or reference to prior assaults or violence against Defendant by clients, patients, or incarcerated individuals. Any previous assaults or threats of violence against Defendant are irrelevant to the issues in this lawsuit. Therefore, the motion is **GRANTED**.

### *Defendant's Motions in Limine (Doc. 93)*

**1.** Defendant moves to bar Plaintiff from offering evidence or testimony of other lawsuits involving the Defendant or her employer Wexford. The motion is **GRANTED without objection.**

2. Defendant moves to prohibit Plaintiff from offering evidence or testimony of any misconduct, reprimand, or grievance issued against any Defendant. The motion is **GRANTED without objection**.

3. Defendant moves to bar Plaintiff from offering evidence or testimony referencing any "Golden Rule" appeal. The motion is **GRANTED without objection**.

4. Defendant moves to bar Plaintiff from offering evidence or testimony, or otherwise suggesting, that Defendant has insurance or will otherwise be indemnified. The motion is **GRANTED without objection**.

5. Defendant moves to bar Plaintiff and his witnesses from testifying regarding expert medical opinions. Plaintiff will not be allowed to present any witness testimony regarding diagnoses or medical causation. However, Plaintiff may testify as to his symptoms following the incident. Accordingly, the motion is **GRANTED**.

6. Defendant moves to prohibit Plaintiff from testifying that Defendant was deliberately indifferent to Plaintiff's serious medical need. The motion is **GRANTED without objection**.

7. Defendant moves to bar Plaintiff from arguing or suggesting that the care given to him by non-party medical professionals was deliberately indifferent or in violation of any standard of care. Any evidence or testimony regarding care that was provided to Plaintiff other than that by the Defendant and whether other medical professionals' treatment met the standard of care it irrelevant and inadmissible. Accordingly, the motion is **GRANTED**.

8. Defendant moves to bar Plaintiff from referencing Wexford's financial condition. The motion is **GRANTED without objection**.

9. Defendant moves to prohibit any reference to size or reputation of either party's law firm. The motion is **GRANTED without objection**.

10. Defendant moves to bar reference to Plaintiff not having a lawyer during the discovery phase of the litigation. Any evidence or reference to pretrial discovery is irrelevant, immaterial, and prejudicial. Accordingly, the motion is **GRANTED**.

11. Defendant moves to bar Plaintiff from calling any undisclosed witnesses. The motion is **GRANTED**.

**IT IS SO ORDERED.**

**DATED:  June 28, 2023**

**STACI M. YANDLE**
**United States District Judge**