IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MWAMBA RUFFIN, B72799, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-896-SMY |
| | ) |
| HALEY BASNETT, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Mwamba Ruffin, a prisoner in the custody of the Illinois Department of Corrections ("IDOC"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated by Defendant Haley Basnett while incarcerated at Lawrence Correctional Center ("Lawrence"). This matter proceeded to a jury trial on July 10, 2023 (*see* Doc. 114). Basnett moved for judgment as a matter of law after the close of Ruffin's case, which the Court granted.

The case is now before the Court for consideration of Ruffin's Motion for a New Trial and to Amend the Judgment (Doc. 117), which Basnett opposes (Doc. 119). For the following reasons, the motion is **DENIED**.

### Factual Background

The pertinent evidence presented at trial is summarized as follows: Ruffin suffers from mental health issues, including depression (Doc. 114, p. 91). Ruffin testified that prior to the relevant period, he received individual therapy sessions, but that he stopped receiving therapy from September to December of 2018 while housed at Lawrence. *Id.* at pp. 29, 37-38. He sent multiple

request slips to the Mental Health Department at Lawrence. *Id*. at p. 37. Request slips are utilized in nonemergent instances when an inmate wants to see a mental health professional. *Id*. at p. 56. Ruffin put Basnett's name on the request slips because he believed she was the assigned mental health counselor for his unit. *Id*. Ruffin testified that he generally told Basnett that he needed to talk to someone but could not recall any details of what he told her, including that he was suffering from any specific mental health condition, the dates of any interactions, or who was present during the interactions. *Id*. at p. 37, pp. 69-70. Ruffin testified that Basnett would respond that she would get to him when she had the chance. *Id*. at p. 69.

Basnett testified that she did not receive any request slips or correspondence from Ruffin. *Id*. at 117. She reviewed Ruffin's medical records from September 2018 to December 2018 after he filed suit. *Id*. Ruffin did not attend any group therapy sessions with Basnett during the relevant time. *Id*.

## Discussion

Under Federal Rule of Civil Procedure 59(a), the court has discretion to grant a new trial when a new trial is necessary to prevent a miscarriage of justice. *Romero v. Cincinnati, Inc.,* 171 F.3d 1091, 1096 (7th Cir. 1999). "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). The rule enables a court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings. *See Russell v. Delco Remy Division of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995).

Section 1983 provides a private right of action against persons acting under color of state law who violate constitutional rights. 42 U.S.C. § 1983. Medical staff violate the Eighth

Amendment's prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To prevail on an Eighth Amendment claim of constitutionally deficient medical care, a prisoner must satisfy a two-part test. *Id.* He must establish that he had an objectively serious medical need. *Id.* The second, subjective prong requires a prisoner to show that the defendant had knowledge of facts from which he or she could infer that a substantial risk of serious harm exists and then disregards that risk. *Id.* at 476.

      During trial, Ruffin failed to establish that Basnett had knowledge of facts from which she could infer that a substantial risk of serious harm existed and that she disregarded that risk. Although Ruffin testified that he wrote slips to Basnett requesting to speak with her, there was no evidence that she received the slips or was aware of his requests. And although Ruffin testified generally that he told Basnett that he needed to talk to her, he failed to offer any specific or detailed evidence about when he talked to her or what he told her, including whether he was suffering from any specific mental health conditions. Even accepting Ruffin's testimony that he told Basnett that he wanted to see her, that fact was insufficient to establish that she was aware that he had a serious medical need. There was no evidence that Basnett had knowledge of Ruffin's specific mental health history nor evidence that he specifically told her about the issues he was experiencing.

      Federal Rules of Civil Procedure Rule 50(a) allows a court to enter judgment against a party who has been fully heard on an issue during a jury trial if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." *Schandelmeier-Bartels v. Chi. Park Dist.*, 634 F.3d 372, 376 (7th Cir. 2011). Here, based on the testimony elicited at trial, a reasonable jury would not have a legally sufficient evidentiary basis to find for Ruffin on his Eighth Amendment claim. The Court did not commit a manifest error of law or fact in granting

Basnett's Rule 50 motion nor has Ruffin presented newly discovered evidence warranting a new trial.

## Conclusion

For the foregoing reasons, Plaintiff's motion for a new trial and to amend the judgment (Doc. 117) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  December 5, 2023**

**STACI M. YANDLE**
**United States District Judge**